UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ROGER ALLEN RIO PLEUS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 1:23-cv-196-MTS |
| CAITLIN M. HOEH-PISTORIO, *et al.*, | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Before the Court are Defendants Derek Hunt,[1] Chief of Police of Perryville Police Department, Corporal Christopher Bradford and Patrol Officer Eli Isgriggs's Motion to Dismiss, Doc. [6], and Defendants Prosecuting Attorney Caitlyn Hoeh Pistorio, Perry County Missouri Sheriff Department, Sheriff Jason Klaus, Jason Kelley, Amber Crites, Andy Pacinda, and Matthew Misuraca's Motion to Dismiss, Doc. [9].  Plaintiff Roger Allen Rio Pleus filed his Complaint, Doc. [1], alleging deprivation of rights pursuant to 42 U.S.C. § 1983.  In response, Defendants filed their Motions to Dismiss.  For the reasons that follow, the Court will grant Defendants' Motions to Dismiss.

**Legal Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted."  The purpose of such a motion is to test the legal sufficiency of a complaint.  Complaints, including pro se complaints, must be liberally construed. *Williams v. Target Stores*, 479 F. App'x 26, 28 (8th Cir. 2012).  When considering a Rule 12(b)(6) motion, the Court assumes a complaint's factual allegations

---

[1] While Defendants' Motion to Dismiss, Doc. [6], lists Defendant as "Direk" Hunt, Plaintiff's Complaint, Doc. [1], refers to Defendant as Derek Hunt.  The Court will adopt Plaintiff's spelling.

are true and makes all reasonable inferences in favor of the nonmoving party, but the Court "need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts." *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019). To survive a motion to dismiss, the complaint must allege facts supporting each element of the plaintiff's claims, and the claims cannot rest on mere speculation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The complaint "must allege more than '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements'" and instead must "allege sufficient facts that, taken as true, 'state a claim to relief that is plausible on its face.'" *K.T. v. Culver-Stockton Coll.*, 865 F.3d 1054, 1057 (8th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The plausibility of a complaint turns on whether the facts alleged allow a court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Lustgraaf v. Behrens*, 619 F.3d 867, 873 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

## Background

Plaintiff Roger Allen Rio Pleus filed several claims for actions that began on August 3, 2020. Doc. [1] at 8.[2] Plaintiff has not included many facts associated from his claims apart from the following: beginning on August 3, 2020, Plaintiff was seemingly arrested and detained by the Perry County Sheriff's Department and the Perryville Police Department. *Id.* Plaintiff alleges this arrest occurred after the Prosecuting Attorney, Caitlin Hoeh Pistorio ("Pistorio") allegedly "misrepresented information" and indicated Plaintiff was "armed and dangerous" in a federal database. *Id.* at 6, 8. Plaintiff also alleges that he was subjected to malicious surveillance as part of the arrests. *Id.* at 8.

Following the arrests, Plaintiff claims he was "charged" by Pistorio on three different occasions, all of which failed to result in convictions. *Id.* at 6. In addition to seeking relief for what

---

[2] For ease of reference, the page number utilized for citations to Plaintiff's Complaint will reference the red filing number at the top of the page, rather than the page numbers in the bottom right.

Plaintiff alleges to be "with malice intent," Plaintiff also alleges that several members of law enforcement "falsely arrested and detained Plaintiff"; failed to "properly manage and supervise" deputies and officers under their authority; failed to ensure the same deputies or officers received "proper education, training . . . and accountability"; and failed to follow the appropriate policies and procedures in performing a proper investigation and arrest. *Id.* at 6-8. Ultimately, Plaintiff has presented the following claims under 42 U.S.C. § 1983: "excessive force, false arrest, false imprisonment, police misconduct, malicious prosecution, and prosecutorial misconduct." *Id.* at 5. Plaintiff also seeks relief under the Second, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, as well as the violation of other civil liberties. *Id.* These claims will be discussed in turn.

## Discussion

### I. Official Capacity Claims

Plaintiff has filed suit against all Defendants in both their official capacity and as individuals. The real party in interest in an official-capacity suit is the governmental entity and not the named official, as such, "an official-capacity suit is . . . to be treated as a suit against the entity." *See Robb v. Hungerbeeler*, 370 F.3d 735, 739 (8th Cir. 2004) (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). "Official-capacity suits typically involve either allegedly unconstitutional state policies or unconstitutional actions taken by state agents possessing final authority over a particular decision." *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *See Reed v. St. Louis City Police Dep't.*, 4:09-cv-1325-JCH, 2009 WL 3617487, at *2 (E.D. Mo. Oct. 28, 2009) (quoting *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 690-91 (1978)); *see also Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018) (explaining that a plaintiff may establish a claim against a state official for

injunctive relief if the alleged constitutional violation "resulted from (1) an official . . . policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise").

Here, Plaintiff has failed to plausibly allege a constitutional violation related to an official policy, custom, or deliberate failure to train or supervise. In his Complaint, Plaintiff merely alleges several times that some defendants "failed to follow" Perry County Sheriff Department or Perryville Police Department "policy and procedures." Doc. [1] at 7-8. Additionally, Plaintiff alleges that several defendants "failed to properly manage and supervise" those individuals under their authority. At no point does Plaintiff identify a specific policy to which his constitutional rights were infringed; nor does he adequately plead that any alleged failure to train was deliberate. To sufficiently state claim, a plaintiff must allege more than "[t]hreadbare recitals of the elements of a cause of action." *K.T.*, 865 F.3d at 1057 (quoting *Iqbal*, 556 U.S. at 678). Here, absent additional factual support, Plaintiff has failed to plausibly allege official capacity claims.

**II.    Excessive Force**

Plaintiff has also alleged a § 1983 claim for the use of excessive force. Based on a review of the Complaint, Plaintiff has not directly associated this to an individual Defendant, so the claim will be evaluated with each Defendant in mind. The Fourth Amendment to the United States Constitution guarantees "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures." U.S. const. amend. IV. This right protects individuals from "being seized through excessive force by law enforcement officers." *Thompson v. Monticello*, 894 D.3d 993, 998 (8th Cir. 2018) (quoting *Mettler v. Whitledge*, 165 F.3d 1197, 1202 (8th Cir. 1999)). To determine whether a violation of the Fourth Amendment premised on excessive force has occurred, courts look to "whether the amount of force used was objectively reasonable under the particular circumstances." *Coker v. Ark. State Police*, 734 F.3d 838, 842 (8th Cir. 2013).

The test of reasonableness under the Fourth Amendment "is not capable of precise definition or mechanical application," but a "proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting or attempting to resist evade arrest by flight." *Graham v. Conner*, 490 U.S. 386, 396 (1989). Here, Plaintiff specifically alleged that Defendants PO Pacinda ("Pacinda") and PO Miscura ("Miscura") "[f]alsely arrested and detained Plaintiff," and that Defendant PO Issgriggs "[i]llegally detained Plaintiff." Doc. [1] at 6-7. Plaintiff also alleges that he was "maliciously arrested and detained" by members of the Perryville Police Department ("PPD") and Perry County Sheriff Department ("PCSD"). *Id.* at 8. Even a liberal construction of Plaintiff's pleadings fails to uncover more than conclusory allegations of any excessive force used in his arrest, other than that it was against the policies and procedures of the PPD and PCSD.[3] While the Court assumes Plaintiff's factual allegations are true, Plaintiff must allege more than "conclusory statements." *Glick*, 944 F.3d at 717.

Additionally, an officer is entitled to qualified immunity unless the evidence establishes (1) a violation of a constitutional or statutory right, and (2) the right was clearly established at the time of the violation such that a reasonable person would have known his actions were unlawful. *Blazek v. Iowa City*, 761 F.3d 920, 922-23 (8th Cir. 2014). A right is "clearly established" when it is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 577 U.S. 7, 11 (2015). Here, absent additional facts, it cannot be said that a constitutional violation occurred; nor has Plaintiff demonstrated that their alleged conduct violated a clearly established right. *Rivas-Villegas v. Cortesluna*, 595 U.S. 1, 6 (2021) ("[T]o show a violation of a clearly established law, [respondent] must identify a case that put [the officer] on

---

[3] Courts have found a violation of policy and procedure does not amount to a constitutional violation. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (explaining "there is no constitutional liberty interest in having state officers follow state law or prison officials follow prison regulations").

5

notice that his specific conduct was unlawful.  [Respondent] has not done so.").  As such, Defendants Pacinda, Miscura, and Issgriggs are entitled to qualified immunity.

### III. Malicious Prosecution

The Constitution does not mention malicious prosecution.  *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001) (explaining Section 1983 "only provides a remedy for violations of rights expressly secured by federal statutes or the Constitution").  Since malicious prosecution is not included within the Constitution, the Court must "identify the specific constitutional right allegedly infringed."  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).  Here, Plaintiff asserts claims for malicious prosecution, seemingly under the Fourth Amendment.  As part of these claims, Plaintiff alleges that Defendant Pistorio "charged [him] on the three different occasions" for crimes he "did not commit."  Doc. [1] at 6, 8.  The Supreme Court of the United States, in *Thompson v. Clark*, has recognized that a claim for malicious prosecution can be attached to a § 1983 claim through the Fourth Amendment, and that in doing so, Plaintiff must only allege that the "prosecution ended without a conviction."  596 U.S. 36, 39 (2022).  Plaintiff has properly alleged that he was "not convicted of any the crimes [Defendant Pistorio] listed."  Doc. [1] at 6.

Nevertheless, Pistorio is entitled to immunity.  The Supreme Court has declined to afford prosecutors only qualified immunity because "suits against prosecutors for initiating and conducting prosecutions 'could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the State's advocate.'"  *Burns v. Reed*, 500 U.S. 478, 487 (1991).  The Supreme Court instead held that "prosecutors are absolutely immune from liability under § 1983 for their conduct in 'initiating a prosecution and in presenting the State's case.'"  *Id.*  Because the immunity depends upon the functional nature of the prosecutor's activities, allegations of improper motive in the performance of prosecutorial functions will not defeat its protection. *See Sample v. City of Woodbury*, 836F.3d 913,

6

916 (8th Cir. 2016).  Absolute immunity, also, "is not defeated by allegations of malice, vindictiveness, or self-interest . . . and applied even if the prosecutor's steps to initiate a prosecution are patently improper." *Id.*  Here, Plaintiff alleges Pistorio acted "with malice intent" and Pistorio's "sole purpose of this misconduct was to embarrass and harass" Plaintiff.  As stated, absolute immunity is not defeated because of an alleged improper motive, and Pistorio is immune from allegations of malicious prosecution.[4]

Additionally, although Plaintiff has established that the prosecution did not result in a conviction, the remaining Defendants are also entitled to qualified immunity.  Here, *Thompson* provided that the Plaintiff need only show that the prosecution did not end in a conviction, but the case was decided in 2022.  Plaintiff willingly admits that the actions giving rise to the claim began August 3, 2020.  Because of the time discrepancy, it cannot be said that it was "sufficiently clear that every reasonable official would have understood that what he [was] doing violate[d] that right." *Mullenix*, 577 U.S. at 11; *see also Morgan-Trya v. City of St. Louis*, 4:18-cv-1799-MTS, 2022 WL 4378858, at *8 (E.D. Mo. Sept. 22, 2022) ("Because neither the Supreme Court nor the Eighth Circuit had established it, a reasonable officer in [the defendant's] position could not have known in [a prior year] that his alleged actions violated [the plaintiff's] Fourth Amendment rights." (referencing *Harington v. City Council Bluffs*, 678 F.3d 676, 679 (8th Cir. 2012))).  As such, the remaining Defendants are entitled to qualified immunity.

---

[4] Plaintiff's claim for prosecutorial misconduct also fails.  Defendant Pistorio as mentioned is afforded absolute immunity, which serves to shield Defendant from Plaintiff's alleged claims of entering false information, destruction of witness statements, or failure to prosecute her relatives, all of which are conclusory statements in and of themselves, absent more plausible statements.  *See Heidelberg v. Hammer*, 577 F.2d 429, 432 (7th Cir. 1978) (explaining that the charge that prosecutors destroyed evidence is "barred by the doctrine of absolute official immunity" (referencing *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976))).

7

### IV. False Arrest and Imprisonment

Plaintiff has also failed to plausibly allege a claim for false arrest and false imprisonment. A false arrest claim under § 1983 fails as a matter of law where the officer had probable cause to make the arrest. *Kurtz*, 245 F.3d at 758. In his Complaint, Plaintiff has alleged that Pacinda and Miscura falsely arrested and detained Plaintiff. Plaintiff also contends that Issgriggs illegally detained Plaintiff. However, again, Plaintiff has failed to allege what he was arrested for, much less any facts detailing the events of the arrest. "Though pro se complaints are to be construed liberally . . . they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004); *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (explaining that the court "will not supply additional facts, nor [] construct a legal theory for plaintiff that assumes facts that have not been pleaded"). Here, Plaintiff has failed to allege such facts sufficient to present a claim for false arrest or imprisonment.

### V. Police Misconduct

Plaintiff has also failed to plausibly allege a claim for police misconduct. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents" on a theory of respondeat superior. *Andrews v. Fowler*, 98 F.3d 1069, 1074 (8th Cir. 1996) (quoting *Monell*, 436 U.S. at 694). The city may be subject to § 1983 liability for failing to act upon complaints of misconduct by police department employees only if it had a "policy or custom" of failing to act upon prior similar complaints of unconstitutional conduct which caused the constitutional injury at issue. *Id.* at 1074-75 (quoting *Monell*, 436 U.S. at 694). There must exist a prior pattern of unconstitutional conduct that is so "persistent and widespread" as to have the effect and force of law. *Id.* at 1075 (quoting *Monell*, 436 U.S. at 691). "To establish a city's liability based on its failure to prevent misconduct by employees, the plaintiff must show that city officials had knowledge of prior

incidents of police misconduct and deliberately failed to take remedial action." *Parrish v. Luckie*, 963 F.2d 201, 204 (8th Cir. 1992).

Here, Plaintiff alleges that Defendant Sheriff Klaus, CPT Kelly, Chief Hunt, and CPL Bradford "failed to properly manage and supervise" the officials or deputies under their respective authority.  Doc. [1] at 6-7.  Plaintiff also alleges that Klaus, Kelly, Hunt, and Bradford failed to ensure the officers or deputies "received the proper education, training, and yearly law enforcement required courses."  However, to establish liability for misconduct, Plaintiff must demonstrate that the officials had knowledge of incidents of misconduct and intentionally failed to take action to remedy such misconduct.  *Parrish*, 963 F.2d at 204.  Plaintiff makes no such allegations.  Rather, Plaintiff has only alleged in a conclusory fashion that these officials failed to prevent misconduct.  The Court will not add facts to the claim which Plaintiff, himself, has failed to allege.  *Stone*, 364 F.3d at 914; *Dunn*, 880 F.2d at 1197.[5]

## VI.   Defamation

In his last discernable claim, Plaintiff alleges that Defendant Crites "submitted a written report issuing a medical opinion slandering and defaming Plaintiff 'by saying he was a narcissist.'"  Doc. [1] at 6.  However, "[c]laims for slander and defamation are not cognizable under § 1983."  *Strutton v. Major*, 4:05-cv-448-TIA, 2005 WL 14900049, at *1 (E.D. Mo. June 23, 2005) (referencing *Miner v. Brackney*, 719 F.2d 954, 955 (8th Cir. 1983)); *see also Hall v. St. Louis Town and Country*, 4:21-cv-1073-ACL, 2021 WL 3912189, at *3 (E.D. Mo. Sept. 1, 2021).  Nor has Plaintiff stated a claim for defamation under Missouri law.  *See Pape v. Reither*, 918 S.W.2d 376, 380 (Mo. Ct. App. 1996)

---

[5] Although not specifically alleged, for the same reasons, a claim for supervisor liability under § 1983 must also fail.  "Liability attaches only when the supervisor is personally involved in the constitutional violation, or his corrective inaction constitutes deliberate indifference to the misconduct."  *Croskey v. Cnty. of St. Louis*, 4:14-cv-00867, 2014 WL 3956617, at *5 (E.D. Mo. Aug. 13, 2014) (referencing *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995)).  Here, Plaintiff has failed to allege the respective Defendants were personally involved in a constitutional violation, nor has he sufficiently alleged corrective inaction amounting to deliberate indifference.  As such, any claim for supervisor liability also must fail.

("Statements of opinion are protected by an absolute privilege which is rooted in the First Amendment to the United States Constitution; that is, even if they are made maliciously or insincerely, they do not give rise to a cause of action."). As such, this claim also fails to pass muster.[6]

## CONCLUSION

In sum, Plaintiff has failed to plausibly allege sufficient facts to support his asserted claims. While the Court will liberally construe a pro se complaint, it will not allege facts for the Plaintiff. *Stone*, 364 F.3d at 914; *Dunn*, 880 F.2d at 1197. Here, Plaintiff has only provided general conclusions to the Court. These conclusory allegations are insufficient to survive a motion to dismiss. Put differently, Plaintiff has "essentially coughed up an unsightly hairball of factual and legal allegations, stepped to the side, and invited . . . the Court to pick through the mess." *Gurman v. Metro. Hous. & Redevelopment Auth.*, 842 F. Supp. 2d 1151, 1153 (D. Minn. 2011). As such, the Court will grant Defendants' Motions.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss, Docs. [6], [9], are **GRANTED**.

A separate Order of Dismissal will be entered herewith.

Dated this 25th of June 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[6] Plaintiff has generally alleged additional claims under the Second, Fifth, and Sixth Amendments. However, similar to the discussed claims, Plaintiff has failed to allege sufficient facts to state a constitutional violation.